# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-10389 MMM (JCGx) | Date | December 22, 2011 |

| | |
|---|---|
| Title | *Steve Morales et al. v. Prolease PEO, LLC et al.* |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

On September 8, 2010, plaintiffs Steve Morales, Joe Morales, and Michael Chico commenced this action against defendants Prolease PEO, LLC, Clarm Corporation, and Art Navarette.[1] Plaintiffs filed a third amended complaint on November 22, 2011, asserting claims for wrongful termination, intentional infliction of emotional distress, failure to pay overtime, failure to pay wages owed on termination, unfair competition, and failure to provide meal and rest periods.[2] Defendants Prolease and Navarette removed the action on December 15, 2011, initially asserting that the court had original jurisdiction under 12 U.S.C. § 1441(b) because plaintiffs alleged violations of the Fair Labor Standards Act.[3]

---

[1]Defendants' Notice of Removal ("Removal Notice"), Docket No. 1 (Dec. 15, 2011), Exh. A (Complaint).

[2]Removal Notice, Exh. D (Third Amended Complaint).

[3]See Removal Notice at 2.

On December 20, 2011, plaintiffs moved *ex parte* to remand the action to state court.[4] Defendants Prolease and Navarette oppose the application.[5] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds this matter appropriate for decision without oral argument.

## II. DISCUSSION

### A. *Ex Parte* Applications

The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); see also *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment"). As the court in *Intermagnetics* stated:

> ". . . [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification." *Intermagnetics*, 101 B.R. at 193 (footnote omitted).

Thus, the use of such a procedure should be limited to instances in which: (1) there is the threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to "file an overlong brief or to shorten the time within which a motion may be brought"). *Id*.

Trial trial in this matter is set for January 11, 2012 in state court; requiring plaintiffs to file a regularly-noticed motion to remand would upend that trial schedule, with resulting

---

[4]Plaintiffs' *Ex Parte* Application to Have Their Motion to Remand Granted, or in the Alternative Heard on Shortened Notice ("Application"), Docket No. 4 (Dec. 20, 2011).

[5]Defendants' Opposition to Plaintiffs' *Ex Parte* Application to Have Their Motion to Remand Granted, Docket No. 6 (Dec. 20, 2011).

inconvenience and cost to the parties.[6]  Given the looming trial date, the court concludes that an *ex parte* application was justified.

### B.  Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).  As the party seeking removal, the defendant must prove, by a preponderance of the evidence, actual facts sufficient to support jurisdiction.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

### C.  Removal By All Defendants

"In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'"  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (quoting *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986)) (modification in original).   The Ninth Circuit, however, has concluded that removal is proper when "one defendant avers that all defendants consent to removal.  *Proctor*, 584 F.3d at 1225.  Defendants proffer the sworn declaration of Jack E.

---

[6]Application at 3.

Jimenez, attorney for Prolease and Navarette, stating that all defendants have consented to removal of the action.[7]  This requirement for removal is therefore satisfied.

### D.     Federal Question Jurisdiction

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States.  *Franchise Tax Bd.,* 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); see also *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at

---

[7]Opposition, Exh. 1 (Declaration of Jack Jimenez in Support of Defendants' Opposition to Plaintiffs' Ex Parte Application to Have Their Motion to Remand Granted or in the Alternative Heard on Shortened Notice ("Jimenez Declaration"), ¶ 9.

issue in the case").

In their notice of removal, defendants argued that removal was proper under § 1441(b) because plaintiffs alleged violations of the Fair Labor Standards Act.[8]  They now concede, however that this is incorrect.[9]  As defendants have belatedly recognized, because all of the causes of action alleged in plaintiffs' third amended complaint arise under state law, federal question jurisdiction is lacking.

### E.   Supplemental Jurisdiction

While defendants acknowledge that federal question jurisdiction is absent, they argue that the court may exercise supplemental jurisdiction over the action under 28 U.S.C. § 1367(a).[10]  This statute provides:

> "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

Defendants note that Joe Morales has filed a separate federal action against Jack Hsu (the owner of Clarm Court) and James Lin (the owner of Prolease PEO, LLC).[11]  Because of the similarities between the two cases, defendants assert, the court has supplemental jurisdiction to hear this action, which would promote efficiency and prevent inconsistent judgments.[12]

The plain terms of the supplemental jurisdiction statute indicate that the court must have original jurisdiction of at least one cause of action in the case before it can exercise supplemental jurisdiction over other claims.  "[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action." *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa. 1995); see also *Chase v. Auerbach*,

---

[8] Removal Notice at 2-3.

[9] Jimenez Declaration, ¶ 6.

[10] *Id.*, ¶ 7.

[11] Collective Action Complaint for Violations of Fair Labor Standards Act ("Collective Action Complaint"), CV 11-9388 PA (FFMx), Docket No. 1 (Nov. 10, 2011).

[12] Opposition at 4-7.

No. CIV. A. 94–5892, 1994 WL 590588, *2 (E.D. Pa. Oct. 26, 1994) ("It is also established that '[a] District Court is not . . . endowed with jurisdiction to hear a case on removal merely because . . . a related case is pending in the federal court'" (citation omitted)); *North American Van Lines, Inc. v. Coleman*, 633 F.Supp. 632, 633 (N.D. Ill. 1986). As the court in *Tabas* noted, this is true even though "such an approach would have the benefits of efficiency." *In re Estate of Tabas*, 879 F.Supp. at 467. Defendants cite no authority supporting the court's exercise of supplemental jurisdiction over a state court action asserting only state claims because a separate, related action alleging federal claims is pending in federal court.

Accordingly, federal jurisdiction must be rejected. *Gaus*, 980 F.2d at 566.

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Los Angeles Superior Court forthwith.